The Board of Public Works had no authority to enter into a new contract for a street improvement under an ordinance of the late corporation of the city of Washington, nor could the entire expenses of such improvement be imposed upon the abutting property. Certificates issued therefor are void.
STATEMENT OE THE CASE AND DECISION.
The complainant is the owner in fee of lots numbered 23 to 30 inclusive, in square 701, with a frontage of four hundred feet on First street east, where said improvement was ordered. No part of this work was performed while the corporation of Washington was in existence except on two blocks from D street to New Jersey avenue. The lots of complainant were situated in other blocks and no improvement was made in front of them by the old corporation. The charter of the city of Washington was abolished June 1,1871, and the Board of Public Works, provided for in the territorial act, then took control of the streets, avenues and alleys.
July 25, 1871, Hudnull petitioned the Board of Public *31 Works for permission to go on with the paving of the foot-ways, &c., on Fii’st street east in accordance with the petition presented to the city councils, upon which the “'Act ” of March 28,1870, had been passed, and the surveyor certified that this work ought to be done.
August 18,1871, this petition, &e., were referred, by order of the Board, to the chief of'the “ bureau of streets to have this work done by M. J. Laughlin.”
August 29,1871, G. W. Balloch, chief of the bureau of streets, avenues and alleys, authorized Laughlin to execute the corporation act of March 28, 1870, and “to defray the expenses of said improvement imposed a special tax equal to the cost thereof” on the abutting property. Laughlin did the work, and plaintiff’ was called upon to pay some $1,300 which he declined. Thereupon certificates were issued for the amount and purchased by the defendant Sheckels. The plaintiff remonstrated with the board and was verbally assured he would not be assessed over one-third of the cost. July 9,1873, the board, in reply to a written communication of his, assured him, in writing, that no assessment had been made for First street east, and that when any was, he would be assessed only for one-third as in other cases.
The District authorities being about to advertise and offer for sale his property to enforce the collection of these certificates, he filed his bill and obtained a restraining order March 19,1875.
The cause is heard upon pleadings and proofs at the General Term in the first instance.
The court held that the work was done without any authority of law ; that the Board of Public Works had no power to direct Balloch to enter into a new contract with Laughlin ; and that the assessment by Balloch of the whole expenses of the improvement upon the abutting property was utterly void, and that there was no authority for issuing the certificates; that a court of equity ought to enjoin a sale of the property for the satisfaction of these certificates and that the complainant could maintain his bill without making any tender, because he has no means of fixing the amount of any *32 tender to be made. Take a decree restraining perpetually the sale in question.